UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Defendants. | Case No. 3:19-cv-1597(VLB)<br><br>July 14, 2022 |

### JOINT STATUS REPORT

By Order of May 19, 2022, the Court directed "the parties to file a joint status report on or before 06/15/2022 indicating a) whether the parties require additional litigation and, if so, b) proposed discovery, dispositive motion, and trial deadlines as well as the basis for necessitating these specific dates." ECF No. 81. On June 15, 2022, the parties filed a "Joint Status Report and Motion for Leave to File Subsequent Status Report." ECF No. 85. The parties reported, *inter alia*, that they had: (1) "reached agreement on the text of a proposed settlement agreement," *id.* ¶ 16; (2) did "not anticipate that further litigation will be required to resolve this matter," *id.* ¶ 18; and (3) requested leave to file "a subsequent joint status report concerning the status of the settlement," *id.* ¶ 19. By Order of June 16, 2022, the Court directed "the parties to file a Joint Status Report on July 14, 2022 complying with Dkt. 81." ECF No. 86. Pursuant to the Court's Order of June 16, 2022, *id.*, the parties provide the following joint status report:

    1.    The State of Connecticut initially filed this suit during October 2019.

ECF No. 1. In its Amended Complaint, Connecticut alleges, *inter alia*, that the U.S. Department of Homeland Security ("DHS") and its secretary as well as the U.S. Department of State (the "State Department") and its secretary have failed to give effect to pardons that Connecticut's Board of Pardons and Paroles issues for purposes of the Pardon Waiver Clause of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(vi) and 22 C.F.R. 40.21(a)(5). *See generally* ECF No. 19.

2.      The parties' previous "Joint Status Report and Motion for Leave to File Subsequent Status Report," ECF No. 85, provides an overview of this case's lengthy procedural history. *See id.* ¶¶ 1-15. As is relevant here, during December 2021, the parties, each side now represented by lead counsel who had not participated in earlier substantive briefing in the case, *see* ECF Nos. 46 and 59, committed to recommence settlement discussions that had previously failed to achieve a settlement. *See* ECF No. 37. The parties participated in settlement conferences with Judge Spector on February 10, 2022, February 24, 2022, and April 7, 2022, *see* ECF Nos. 67, 69, and 74; exchanged draft settlement proposals; and held settlement discussions independently of the Court.

3.      On June 9, 2022, after approximately six months of renewed settlement discussions, the parties reached agreement on the text of a proposed settlement agreement. *See* ECF No. 85 ¶ 16.

4.      To finalize the settlement agreement, Defendants must obtain final agency approval of the settlement proposal from DHS and the State Department as well as final approval from the U.S. Department of Justice ("DOJ"). Both DHS and the State Department have granted final approval to the proposed settlement agreement. DOJ review of the proposed settlement agreement is ongoing. Defendants anticipate

that final DOJ review may take several additional weeks to complete.

5. Once Defendants receive final DOJ approval, Defendants will be able to execute the proposed settlement agreement, which contemplates that Defendants will undertake certain actions before Connecticut voluntarily dismisses the case.

6. On July 11, 2022, the parties participated in a telephonic status conference with Judge Spector, ECF No. 87, and reported on the status of Defendants' review of the proposed settlement agreement. Judge Spector scheduled a subsequent telephonic status conference concerning the status of Defendants' review of the proposed settlement agreement for August 11, 2022. ECF No. 88. Judge Spector stated that he is agreeable to terminating the August 11, 2022 telephonic status conference if Defendants conclude their final review of and execute the proposed settlement agreement.

7. In light of the foregoing, at this juncture, the parties do not anticipate that further litigation will be required to resolve this matter.

Dated: July 14, 2022                              Respectfully submitted,

| | |
|---|---|
| **WILLIAM TONG**<br>**Attorney General**<br>**State of Connecticut** | **BRIAN M. BOYNTON**<br>**Principal Deputy Assistant Attorney General**<br>**Civil Division** |
| By: */s/ Margaret Q. Chapple*<br>**MARGARET Q. CHAPPLE**<br>**Deputy Attorney General**<br>**Office of the Attorney General**<br>**165 Capitol Ave**<br>**Hartford, CT 06106**<br>Tel: (860) 808-5316<br>Fax.: (860) 808-5387<br>Federal Bar No.: ct05550<br>Email: Margaret.Chapple@ct.gov<br><br>*Attorneys for Plaintiff* | **WILLIAM C. PEACHEY**<br>**Director**<br><br>**WILLIAM C. SILVIS**<br>**Assistant Director**<br><br>By: */s/ Eric C. Steinhart*<br>**ERIC C. STEINHART**<br>**Trial Attorney**<br>**U.S. Department of Justice, Civil Division**<br>**Office of Immigration Litigation – DCS**<br>**P.O. Box 868, Ben Franklin Station**<br>**Washington, DC 20044**<br>Tel: (202) 514-0618<br>Fax: (202) 305-7000<br>Federal Bar No.: phv20095<br>Email: eric.c.steinhart@usdoj.gov<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Connecticut by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                By: _/s/ Eric C. Steinhart_
                    ERIC C. STEINHART
                    Trial Attorney
                    United States Department of Justice
                    Civil Division